PER CURIAM
*749 Father appeals a judgment taking dependency jurisdiction over his child. The *327 court took jurisdiction based on mother's admissions and the allegation that father "has not presented himself as a parenting resource and needs the assistance of a child caring agency to establish a meaningful relationship with the child, placing the child at risk of harm." Among other things, father argues that DHS failed to show that he had not presented himself as a parental resource or that there would be a current risk of serious harm to the child, if the child were placed with him. DHS concedes that the evidence is legally insufficient to support dependency jurisdiction and that the judgment should be reversed. See Dept. of Human Services v. C. J. T. , 258 Or. App. 57, 61, 308 P.3d 307 (2013) ("To 'endanger' the welfare of a child means to expose the child to conditions or circumstances that present a current threat of serious loss or injury.").
In reviewing the juvenile court judgment, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." Dept. of Human Services v. N. P. , 257 Or. App. 633, 639, 307 P.3d 444 (2013). Here, we agree with and accept DHS's concession that the evidence is legally insufficient. Accordingly, we reverse the jurisdictional judgment.
Reversed.